UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

THOMAS WINE,

                              Plaintiff,            Civil Action No.: 17 Civ.

                          -against-

MOUTAFIS MOTORS LTD., MOUTAFIS         **Complaint and Jury Demand**
ENTERPRISES, LLC and PETER MOUTAFIS,

                              Defendants.

-------------------------------------------------------------X

       Plaintiff, Thomas Wine ("Plaintiff"), by his attorney, Corey Stark PLLC, complains of Defendants and respectfully alleges to this Court as follows:

## JURISDICTION AND VENUE

       1.     The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). The Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

       2.     Venue is proper in this District because Defendants conduct business in the Eastern District of New York, and the acts and/or omissions giving rise to the claims herein are alleged to have taken place in the Eastern District of New York.

## PARTIES

       3.     Plaintiff is a person who resides in Suffolk County, New York.

4. Defendant Moutafis Motors Ltd. ("Moutafis Motors") is a business corporation organized under the laws of the State of New York, which does business as "Prestigious Motors."

5. Moutafis Motors has a principal place of business at 840 Old Country Road, Riverhead, New York 11901.

6. Upon information and belief, Moutafis Motors has an annual gross volume of sales in excess of $500,000.

7. Moutafis Motors is an "employer" within the meaning of the FLSA and New York Labor Law.

8. Defendant Moutafis Enterprises, LLC ("Moutafis Enterprises"), is a limited liability company organized under the laws of the State of New York, which does business as "Carzmedies."

9. Moutafis Enterprises has a principal place of business at 840 Old Country Road, Riverhead, New York 11901.

10. Upon information and belief, Moutafis Enterprises has an annual gross volume of sales in excess of $500,000.

11. Moutafis Enterprises is an "employer" within the meaning of the FLSA and New York Labor Law.

12. Upon information and belief, at all times material herein, Moutafis Motors and Moutafis Enterprises have interrelated operations, with common control of operating and management practices.

13. Upon information and belief, at all times material herein Moutafis Motors and Moutafis Enterprises had centralized control of labor relations.

14. Upon information and belief, at all times material herein Moutafis Motors and Moutafis Enterprises shared hiring practices and other major employment decisions.

15. Upon information and belief, at all times material herein Moutafis Motors and Moutafis Enterprises share management, as evinced by the fact that defendant Peter Moutafis ("Moutafis") manages the operations of both businesses.

16. Upon information and belief, at all times material herein Moutafis Motors and Moutafis Enterprises jointly exercise control over the work or working conditions of the employees who work at both locations.

17. Upon information and belief, Moutafis is the Chief Executive Officer of Moutafis Motors and the principal business manager of Moutafis Enterprises, and he exercises significant control of the day-to-day operations of both entities.

18. Moutafis is an "employer" within the meaning of the FLSA and New York Labor Law.

19. All defendants are hereinafter collectively referred to as "Defendants."

20. Plaintiff was employed by Defendants as a mechanic.

21. This action arises out of Defendants' wrongful, illegal, and tortious conduct within the State of New York.

## FACTS

22. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

23. Both federal and state labor laws provide that employees who work more than forty (40) hours a week must be paid at a rate of one and one-half times their regular lawful hourly rate.

24. Defendants employed Plaintiff as a mechanic from approximately July 2015 until January 2, 2017.

25. During his employment with Defendants, Plaintiff's primary duty was repairing automobiles.

26. Throughout his employment by Defendants Plaintiff worked over forty hours each week without overtime pay.

27. Between the commencement of his employment by Defendants through and including November 30, 2015, Plaintiff worked more than eleven (11) hours per day six (6) days per week.

28. From December 1, 2015, through and including June 30, 2016, Plaintiff worked more than eleven (11) hours per day seven (7) days per week.

29. From July 1, 2016, through and including January 2, 2017, Plaintiff worked more than eleven (11) hours per day six (6) days per week.

30. Defendants never paid Plaintiff overtime premiums at a rate of one and one-half times his regular hourly rate for the hours he worked over forty (40) in a work week.

31. Defendants knew they were violating federal and state laws and economically injuring Plaintiff by failing to pay him overtime compensation.

32. Defendants also never provided Plaintiff with an Acknowledgment of Pay Day and Pay Rate pursuant to Section 195.1 of the NYLL.

## AS AND FOR A FIRST COUNT
*(FLSA Claims, 29 U.S.C. § 201, et seq.,)*

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "32" inclusive with the same force and effect as if fully set forth at length herein.

34. At all relevant times Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of FLSA, 29 U.S.C. § 203.

35. At all relevant times Defendants have employed "employees," including Plaintiff.

36. Throughout the statute-of-limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff at a rate of one and one-half times his regular lawful hourly rate for each hour he worked in excess of forty hours per week.

37. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## AS AND FOR A SECOND COUNT
*(New York Labor Law Article)*

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "32" inclusive with the same force and effect as if fully set forth at length herein.

39. Pursuant to New York Labor Law and the wage orders promulgated thereunder by the New York State Department of Labor, Plaintiff was entitled to overtime wages.

40. Defendants knowingly failed to pay Plaintiff at a rate of one and one-half times his regular lawful hourly rate for each hour he worked in excess of forty per week.

41. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of the New York Labor Law.

42. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees, as provided by the New York Labor Law.

## AS AND FOR A THIRD COUNT
*(New York Labor Law Article 195(1))*

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "32" inclusive with the same force and effect as if fully set forth at length herein.

44. Defendants Moutafis Motors and Moutafis Enterprises failed to provide Plaintiff with a written notice of his rate of pay, regular pay date, and such other information are required by NYLL § 195(1).

45. Defendants Moutafis Motors and Moutafis Enterprises are liable to Plaintiff in the amount of $2,500 (two thousand five hundred dollars) each, together with reasonable attorneys' fees, disbursements, and costs.

**WHEREFORE,** Plaintiff demands the following relief:

(a) On the First Count of Plaintiff's complaint under the FLSA, against all Defendants jointly and severally, awarding Plaintiff damages for unpaid overtime premium pay, liquidated damages in the amount of 100% of Plaintiff's unpaid overtime

premium pay, reasonable attorneys' fees and disbursements, costs, and post-judgment interest;

(b) On the Second Count of Plaintiff's complaint under the NYLL, against all Defendants jointly and severally, awarding Plaintiff damages for unpaid overtime premium pay, liquidated damages in the amount of 100% of Plaintiff's unpaid overtime premium pay, under NYLL §§ 198(1-a) and 663(1), costs, reasonable attorneys' fees and disbursements under NYLL §§ 198(1-a) and 663(4), pre-judgment and post-judgment interest;

(c) On the Third Count of Plaintiff's complaint for violation of NYLL § 195(1) for $2,500 each against Defendants Moutafis Motors and Moutafis Enterprises, plus reasonable attorneys' fees, costs, pre-judgment and post-judgment interest; and

(d) On all counts of Plaintiff's complaint, for such other and further relief as the Court deems appropriate.

COREY STARK PLLC

_____
By: Corey Stark (CS-3897)
*Attorney for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 324-3705

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
      April 21, 2017

                    COREY STARK PLLC

                    By: Corey Stark (CS-3897)
                    *Attorney for Plaintiff*
                    110 East 59th Street, 22nd Floor
                    New York, New York 10022
                    (212) 324-3705